526 So.2d 1169 (1988)
Daniel A. FUSELIER, et al., Plaintiffs-Appellees,
v.
Clay HEBERT, Defendant-Appellant.
No. 87-170.
Court of Appeal of Louisiana, Third Circuit.
April 6, 1988.
J.B. Willis, Martinville, for plaintiffs-appellees.
Hugh E. McNeely, Lafayette, for defendant-appellant.
Before DOMENGEAUX, STOKER and YELVERTON, JJ.
STOKER, Judge.
This is an appeal from a denial of a reconventional demand seeking a relocation of a servitude of passage previously fixed by a final judgment.

FACTS
Plaintiffs are the owners of a tract of land situated in Section 29, Township 10 South, Range 7 East, St. Martin Parish, Louisiana, measuring approximately 100 feet on its northern and southern lines and 130 feet on its eastern and western lines. Plaintiffs acquired this property by act of sale on January 24, 1985 from their vendor, the St. Martin Bank and Trust Company. The property had initially belonged to defendant. Defendant transferred the property to a daughter and son-in-law. This alienation of the property caused it to become enclosed. The daughter and son-in-law used a shell road on defendant's property to reach a public road. The Bank acquired the property from defendant's daughter and son-in-law through foreclosure proceedings. However, defendant denied the Bank use of his shell road as a means of access to the property. In a suit instituted prior to the present litigation the Bank brought an action for a legal servitude of passage which was granted by a final judgment.[1] The judgment fixed the *1170 location of the servitude of passage on the defendant's property to the east of and next to the existing shell road. (According to the evidence there is some overlap of the servitude over the shell road, but a significant portion lies east of the shell road.) The act of sale between the Bank and plaintiffs includes the servitude of passage established by the judgment. The servitude is described in the judgment and act of sale as beginning on Louisiana Highway 679, extending by a depth of 392.71 feet between equal and parallel lines and located 113 feet west of the southeasternmost point of defendant's property. This right of passage is shown as a 20-foot strip of property sketched on a plat of survey prepared by Alfred Fuselier, dated March 13, 1984 and attached to the judgment. See Appendix 1.
Subsequent to purchasing the property, plaintiffs obtained a permanent injunction enjoining defendant from obstructing the right of passage and ordering defendant to remove a pen of hogs from within 25 feet of plaintiffs' front door. In reconvention, defendant sought a relocation of the right of passage established by final judgment in the suit by the vendor-Bank against defendant mentioned above. The trial court found a relocation was not reasonable, required or necessary. The defendant appeals the judgment denying relocation of the servitude.

ASSIGNMENTS OF ERROR
1. The trial court erred in ruling on the issue of relocating the right of passage before defendant, plaintiff-in-reconvention, was allowed to put on any evidence relative to this issue.
2. The trial court erred in holding that absent great and compelling evidence indicating relocation of a right of passage, a previous judgment fixing the right of passage would not be altered or changed despite the provisions of LSA-C.C. art. 695.
3. The trial court erred in not relocating the right of passage to the enclosed estate to an existing roadway which afforded the same facility (of ingress and egress) to the owner of the enclosed estate.

ISSUE ON APPEAL
The plaintiffs prevailed in the trial court and have not appealed or complained of any rulings of the trial court. The sole issue before us on appeal is presented by defendant, Clay Hebert, as reconvener, and that issue is confined to the correctness of the trial court's denial of Hebert's reconventional demand that the right of passage be relocated as authorized by LSA-C.C. art. 695. Hebert concedes that plaintiffs have a right of passage but contends that he has a right under Article 695 to have the servitude relocated to an existing shell road previously used for exercise of the servitude.
There is no evidence that defendant-reconvener established a servitude of passage by specific language (either as to the right of passage as such or as to location) in his conveyance to his daughter and son-in-law. There is no evidence that a servitude was subsequently established or located in favor of the daughter and son-in-law. Therefore, the latter had the right of having a servitude of passage established under LSA-C.C. art. 694. When the Bank acquired the property through foreclosure, it acquired the right to have the servitude established under this article, or at least under LSA-C.C. art. 689. As noted above the Bank prevailed in its suit to establish the servitude, and it was located by judgment of court. By the reconventional demand of defendant Hebert, he seeks to change the judgment and relocate the servitude.
The relocation of legal servitudes is governed by LSA-C.C. art. 695 which provides:
Art. 695. Relocation of servitude
The owner of the enclosed estate has no right to the relocation of this servitude *1171 after it is fixed. The owner of the servient estate has the right to demand relocation of the servitude to a more convenient place at his own expense, provided that it affords the same facility to the owner of the enclosed estate.
(Acts 1977, No. 514, § 1, eff. Jan. 1, 1978.)
In order to prevail on his reconventional demand under this article, Hebert must have shown that relocation to the shell road is (1) a more convenient place and (2) affords the same facility of ingress and egress to plaintiffs, the present owners of the enclosed estate. Hebert concedes in his brief that the servitude in question is a legal servitude but submits that "there would be no significant difference to [sic] the proper outcome of the case if viewed as a conventional servitude derived through title as both standards for the relocation of such servitudes contemplate a location which is as suitable to the purpose as its predecessor."

ASSIGNMENT OF ERROR NUMBER ONE
In his first assignment of error Hebert urges that the trial court ruled on the servitude relocation issue before he was allowed to present evidence on the issue.
We note that the trial court did state midway through the record that defendant could not, in a subsequent case, allege errors made by a prior trial court in establishing the servitude of passage. The trial court took the position that the judgment had in the prior suit become final; therefore the court would consider the servitude to be established as provided by that judgment. However, the trial court did not, at that point, forbid defendant from introducing evidence as to relocation of the servitude. Nor was a judgment rendered by the trial court at that time. The trial court's final conclusions as to relocation of the servitude were set forth fully at the conclusion of all the evidence. The trial court, therefore, did not rule on this issue prior to allowing defendant to put on his evidence.

ASSIGNMENT OF ERROR NUMBER TWO
The second argument is similar to the first but relates to the trial court's final ruling. The statement of the alleged error, as set forth above, is:
"The trial court erred in holding that[,] absent great and compelling evidence indicating relocation of a right of passage, a previous judgment fixing the right of passage would not be altered or changed despite the provisions of LSA-C.C. art. 695."
The trial court expressed itself in reasons for judgment dictated in the record. The court did in fact state that the matter of establishment of the servitude was reflected in the judgment in the Bank's suit and was a final judgment. The trial court made statements indicating that it felt that the ruling was governed by notions of res judicata. We do not have to pass on the correctness of this view as it might be affected by LSA-C.C. art. 695. Despite its apparent reliance on res judicata, the trial court ruled on the merits of the relocation sought and found that such a relocation "would diminish the servitude to which the Fuseliers are otherwise entitled." On the merits the trial court found that the relocation "is not reasonable, nor required, nor necessary...."
For the reasons just given we find no merit to appellant's second assignment of error. Moreover, for reasons we shall now give addressing the third assignment, we find it unnecessary to ground an affirmance of the trial court on the principle of res judicata.

ASSIGNMENT OF ERROR NUMBER THREE
This assignment reaches the essential merits of this case. Relying on Brian v. Bowlus, 399 So.2d 545 (La.1981), appellant urges that the right to relocate a legal servitude of passage is absolute so long as it is more convenient to the owner of the servient estate and affords the same facility to the owner of the enclosed estate. The issue, as we see it, is not whether the right to relocate is absolute. Taking the language *1172 of the article as it stands, the issue is whether or not appellant has shown the shell road location to be a "more convenient place" and that the shell road affords the same facility of movement to and from plaintiffs' enclosed estate as over the judicially established servitude.
We find that appellant has not carried his burden of proof to show that the judicially established servitude is inconvenient to him or that the shell road location is more convenient to him. He has not shown that the shell road affords an equal facility to plaintiffs. The shell road is two feet narrower than the present servitude and will be less accommodating to traffic to and from plaintiffs' home. The shell road does not extend along the western side of plaintiffs' property in a northerly direction for the same distance as the present servitude does. For these reasons the evidence preponderates in favor of plaintiffs and the trial court properly rejected defendant's reconventional demand for a servitude relocation.

DECREE
For the reasons stated above the judgment of the trial court is affirmed. The costs of this appeal are assessed to the defendant-reconvener, Clay Hebert.
AFFIRMED.
*1173 
NOTES
[1] The judgment of the trial court establishing the servitude of passage provides in pertinent part:

"The court finding that the estate of Plaintiff is enclosed does hereby grants, orders and establishes a servitude of passage in favor of petitioner, ST. MARTIN BANK & TRUST COMPANY, their heirs and assigns. The servitude or right of passage measuring twenty foot (20') in width and beginning on Louisiana Highway 679 extending by a depth between equal and parallel lines of three hundred and ninety-two point seven-one feet (392.71'). Said right of passage being located one hundred and thirteen feet (113') West of the Southeastern most point of the property of defendant, CLAY HEBERT. Said right of passage or servitude being better shown as a twenty foot (20') strip of property which is sketched in and superimposed in red on a plat of survey prepared by Alfred Fuselier, dated March 13, 1984, a copy of which is attached hereto and made a part hereof."